UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDEN MICHAEL WIREMAN,

        Plaintiff,

v.

UNKNOWN CROSS, et al.,

        Defendants.

_____/

Case No. 1:24-cv-13096
Case No. 1:24-cv-13105
District Judge Shalina D. Kumar
Magistrate Judge Anthony P. Patti

**<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO DISMISS THIS MATTER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(B) AND LOCAL RULE 41.2 AND TO DENY AS MOOT DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT (ECF NO. 28 & 32)</u>**

**I.**     **RECOMMENDATION**: The Court should **DISMISS** this matter pursuant to Fed. R. Civ. P. 41(b) and Eastern District of Michigan Local Rule 41.2.  The pending motions for summary judgment (ECF Nos. 28 &32) should be **DENIED AS MOOT**.

**II.**     **REPORT:**

    **A.**     **Background**

Plaintiff Branden Michael Wireman, proceeding *in pro per*, brought two cases currently pending before the Court.[1]  In *Wireman v. Cross et al.* (Case No. 24-cv-

---

[1] Both cases were originally filed in the Western District of Michigan, but transferred to this district in November 2024.

13096), Plaintiff sues the following staff at the Saginaw Correctional Facility ("SRF"): Food Service Employees Cross, Lora, Krazinski, and Williams; and Correctional Officer Wiseman.[2]  In his complaint, Plaintiff alleges that he has received inadequate food portions at SRF, which he equates to attempts "to starve and kill [him]."

In *Wireman v. Bateman et al.* (Case No. 24-cv-13105), previously assigned to the Honorable F. Kay Behm before being reassigned to the Honorable Shalina D. Kumar (see ECF No. 11), Plaintiff's cause of action occurred at the Parnall Correctional Facility ("SMT") in Jackson, Michigan.  He sues Sergeants Bateman and Bowls, Deputy Martin, and Food Service Employees Stockman and Johnson. While in custody at SMT, Plaintiff alleges that he was repeatedly shorted on food in his meal trays by Defendants in an attempt to starve him.

On April 11, 2025, Judge Kumar consolidated the two cases and ordered that all future cases be filed under the earlier-filed case, *Wireman v. Cross et al.* (Case No. 24-cv-13096).  (ECF No. 11.)  Thereafter, she referred that matter to me "for all pretrial proceedings, including a hearing and determination of all non−dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B)."  (ECF No. 15, PageID.38.)

---

[2] In both cases, Wireman has only provided the last names of all named Defendants.

2

On June 12, 2025, all served Defendants filed a motion for summary judgment on the basis of exhaustion.  (ECF No. 28.)  Under the local rules, a response to Defendants' motion was due within 21 days following service of the motion.  E.D. Mich. LR 7.1(e)(2)(A).  The deadline passed with no response filed, and, almost three months after the motion was filed, I entered an order requiring a response to the motion for summary judgment by September 29, 2025.  (ECF No. 33.)

On August 12, 2025, the remaining Defendant (Sergeant Bowls), now served, filed a motion for summary judgment on the basis of exhaustion.  (ECF No. 32.)  I ordered the response to this motion also be filed by September 29, 2025, thereby *sua sponte* granting Plaintiff an extension to his 21-day response period. (ECF No. 33.)

The Court-ordered deadline passed, and no response was filed to either motion.

It has now been almost seven months since the initial deadline, and four months since the extended deadline, and no responses have been filed.  Defendants' motions are therefore unopposed. *See* E.D. Mich. LR 7.1(c)(1) ("A respondent opposing a motion must file a response, including a brief and supporting documents then available.").

Eastern District of Michigan Local Rule 41.2 provides that "when it appears that . . . the parties have taken no action for a reasonable time, the Court may, on its own motion after reasonable notice or on application of a party, enter an order

3

dismissing or remanding the case unless good cause is shown." E.D. Mich. LR 41.2. Here, in light of Plaintiff's repeated failure to meet the deadline to oppose the dispositive motions, and failure to provide any explanation or documentation for any possible extension, it appears that Plaintiff may have abandoned the instant lawsuit. I therefore issued an order to show cause why the case should not be dismissed for lack of prosecution. (ECF No. 34.)

## B. Discussion

In my order to show cause, Plaintiff was directed to respond by February 17, 2026 as to why the case should not be dismissed for failure to prosecute. (ECF No. 27.) It is now a week past that deadline, and Plaintiff has not filed any response.

Plaintiff having failed to respond to the Court's order to show cause, the Court should dismiss this matter for Plaintiff's failure to prosecute. As the Sixth Circuit has explained:

> In the context of dismissal pursuant to Rule 41(b) for failure to prosecute, we look to four factors for guidance: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (*citing Stough v. Mayville Community Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)). Applying these factors to the case at bar, the Court should find that dismissal is warranted.

1. It seems that Plaintiff's failure to file a response to Defendants' motions for summary judgment or to the order to show cause is the result of

willfulness, bad faith or fault.  If Plaintiff is not receiving the Court's orders mailed to his address of record, it is upon him to keep the Court apprised of any change in address.  *See* E.D. Mich. LR 11.2 ("Failure to Provide Notification of Change of Address").[3]

2. Taking into consideration that the Court has imposed two deadlines on Plaintiff which he has failed to meet (ECF Nos. 33, 34), in addition to first failing to meet the deadline under the local rules for responding to a motion for summary judgment, Defendants are prejudiced by having to spend any further time and money – i.e., beyond that associated with the pending dispositive motions – on a case that Plaintiff appears to have abandoned.

3. The Court's show cause order warned Plaintiff that failure to comply with the order "**shall** result in a Report and Recommendation that the Court dismiss this action pursuant to Federal Rule of Civil Procedure 41(b) and E.D. Mich. LR 41.2.". (ECF No. 34, PageID.105 (emphasis in original).)

4. As for whether less drastic sanctions were imposed or considered, it appears that any such effort would be fruitless, given that Plaintiff seems to have abandoned this case and is not responding to Court orders or updating the Court on his current address.

Each of the factors weighs against Plaintiff; therefore, the Court should

**DISMISS** this matter pursuant to Fed. R. Civ. P. 41(b) and E.D. Mich. LR 42.1.

Defendants' pending motions (ECF No. 28 & 32) should be **DENIED AS MOOT.**

### III.   PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and

Recommendation, but are required to file any objections within 14 days of service,

as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).

---

[3] I note that my Order to Show Cause was returned as undeliverable, but my order requiring a response to the motions for summary judgment was not returned as undeliverable. If Plaintiff's mailing address changed between September 2025 and February 2026, it was upon Plaintiff to notify the Court.

Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated:  February 23, 2026

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

6